Filed 6/8/23 P. v. Galafate CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085550 |
| Plaintiff and Respondent, | |
| v. | (Kern Super. Ct. No. SC036346A) |
| ROMAN GALAFATE III, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. Colette M. Humphrey, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Poochigian, J.

In 1989, appellant and defendant Roman Galafate III (appellant) and his then-wife, codefendant Leny Petersen Galafate, were convicted after a joint jury trial of count 1, first degree premeditated murder, with the special circumstance that the murder was intentional and carried out for financial gain; and count 2, conspiracy to commit murder for financial gain. They were both sentenced to life in prison without the possibility of parole for count 1, with a stayed term of 25 years to life for count 2. In 1991, this court affirmed their convictions and sentences on direct appeal. (*People v. Galafate*, et al. (Apr. 8, 1991, F012067) [nonpub. opn.]; *People v. Galafate* (June 9, 2022, F081564) [nonpub. opn.].)

In 2019, appellant filed his first petition for resentencing under former Penal Code section 1170.95.[1] The superior court appointed counsel and received briefing and denied the petition for failing to state a prima facie case for relief. On appeal, appellant's attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On June 9, 2022, this court filed the nonpublished opinion where we conducted an independent review of the record and affirmed the trial court's denial of appellant's petition. (*People v. Galafate*, *supra*, F081564.)

On January 14, 2022, while the appeal from the denial of his first petition was pending, appellant filed a second petition for resentencing pursuant to section 1172.6. The prosecution filed opposition, supported by this court's recently filed opinion that affirmed the denial of his first petition.

The superior court appointed counsel, conducted a hearing, and denied appellant's second petition, finding he failed to state a prima facie case for resentencing.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his first and second petitions under former section 1170.95. When he filed his second petition, the statute had been amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion.

In this appeal from the denial of his second petition, appellant's counsel filed a brief with this court pursuant to *Wende* and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On April 7, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.